JULIA BERGMAN *vs.* ST. PAUL MUTUAL BUILDING ASSOCIATION, No. 1.

July 11, 1882.

**Building Association—Acts Ultra Vires.**—*Bergman* v. *St. Paul Mut. Build. Ass'n, ante,* p. 275, followed and applied to this case. Plaintiff's claim of a right to a loan, under section 1, article 4, of defendant's by-laws, sustained.

The facts in this case are substantially the same as in the preceding one, and they were argued together. The plaintiff, however, in this action seeks to have the defendant compelled to make her a loan of $400, upon two shares of stock, which defendant had assumed to cancel, as in the preceding case. Plaintiff's application for a loan was rejected by the following resolution of the board of directors of defendant. "*Whereas*, loans can be made by this association only upon its stock as a basis; *and whereas*, Mrs. Solomon Bergman (the plaintiff) has proposed to borrow from the association $400, and has offered as a basis the two shares of stock heretofore cancelled, there not being the basis required by the by-laws of this association; *Resolved*, that said proposed loan cannot be allowed."

The defendant appealed from the judgment, adjudging plaintiff to be entitled to the loan applied for.

*Wm. Louis Kelly* and *Wm. S. Moore*, for appellant.

*I. V. D. Heard*, for respondent.

BERRY, J. All the important questions raised in this case, except one, are disposed of by the opinion of this court at this term in Solomon Bergman against this defendant. The question peculiar to this case is as to the right of the plaintiff, as a stockholder not in arrears, to a loan upon her stock, which she has duly applied for, and to grant which the defendant association is in funds properly applicable to that purpose. From the decision in plaintiff's favor of the questions considered in the *Solomon Bergman Case*, it follows that this question is determined in plaintiff's favor by article 4, section 1, of the defendant's by-laws, which reads as follows: "Each stock-

holder, not in arrears, for each $200 of stock he may hold in this corporation, shall be entitled to receive a loan of two hundred dollars ($200) from its funds at six per cent. interest."

Judgment affirmed.